**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| THE HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT | ) ) ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JOHN ASHCROFT, *et al.* | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

Civil Action No. 02-00442 (GK)
Hon. Gladys Kessler

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ORDER OF DISMISSAL WITHOUT PREJUDICE**

**STATEMENT**

On March 1, 2004, the Supreme Court denied plaintiff's petition for certiorari in this case, rendering the dismissal of Counts 1-3 and 5-8 of the Amended Complaint final and unappealable. Only Count 4, alleging a violation of the Fourth Amendment, remains pending in district court. After plaintiff notified this Court of its intention not to pursue the Fourth Amendment claim, the government offered its agreement to a stipulation that would dismiss Count 4, without prejudice. Plaintiff, however, has insisted that it desires not a dismissal of Count 4 – the only claim remaining in the case – but a dismissal without prejudice of "any of HLF's claims that remain, whether pled or not."  Plaintiff's Memorandum ("Pl. Mem.") at 1.

A dismissal under Rule 41(a)(2) that purports to preserve any claim that plaintiff conceivably could have asserted, or may wish to assert sometime in the future, is unprecedented and unwarranted, and should be denied for at least three reasons.   First, a dismissal without prejudice is intended to do nothing more or less than preserve the status quo ante; plaintiff cannot

expand upon its existing complaint through an order of dismissal under Rule 41(a)(2). Thus, a plaintiff cannot obtain more through dismissal without prejudice that it could obtain had it proceeded to prosecute the remaining issues raised in the Complaint. Here, a court determination on the Fourth Amendment issue would not leave the case open to allow HLF to raise additional claims or relitigate old claims. Second, plaintiff cannot properly in any event seek to preserve the option of relitigating claims already dismissed, "based on evidence discovered after this dismissal." Pl. Mem. at 4, 8. If plaintiff wishes to bring a new lawsuit based on administrative decisions not yet challenged in court, it is free to do so – but not by relitigating claims already dismissed and upheld by the appellate courts. Finally, an open-ended and ambiguous dismissal order would run contrary to the public policy of finality and prejudice the defendants by engendering confusion and uncertainty, and encouraging plaintiff to bypass existing administrative processes. Accordingly, the Court should enter an order expressly dismissing Count Four of plaintiff's Amended Complaint without prejudice.

## **ARGUMENT**

### **THE COURT CAN ONLY DISMISS WITHOUT PREJUDICE THE ONE CLAIM THAT REMAINS IN THE CASE**

"The primary meaning of 'dismissal without prejudice,' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (emphasis added). "Thus, Black's Law Dictionary (7th ed.1999) defines 'dismissed without prejudice' as 'removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim. . . .'" *Id.* (emphasis added); see also *Stripe-A-Zone v. Occupational Safety and Health Review Com'rs*, 643

F.2d 230, 232 (5th Cir. 1981) (dismissal without prejudice is "not an adjudication on the merits and thus does not serve as a res judicata bar to bringing a later suit on the same cause of action"). No precedent exists (and plaintiff cites none) to suggest that the dismissal of a claim without prejudice preserves not only the claim dismissed, but also any related claims that plaintiff may wish to bring in the future, as well as the ability to relitigate other claims in the case already dismissed with prejudice.  To the contrary, the law is clear that a dismissal without prejudice entitles the plaintiff to return to the same court with the "same underlying claim." *Semtek Intern. Inc.*, supra.

Plaintiff confirms that the reason it opposes a dismissal without prejudice of its one remaining claim, moreover, is so that it can relitigate claims already dismissed with prejudice, based on "newly-discovered evidence."[1]  Pl. Mem. at 8, 4.  Such an attempt to reopen claims already dismissed and affirmed on appeal would be wholly improper.  This Court properly reviewed the agency's decision to designate HLF based on the administrative record before the agency at the time of its decision.  See *Holy Land Found. for Relief and Dev. v. Ashcroft*, 333 F.3d 156, 160 (D.C. Cir. 2003) (district court correctly reviewed actions of Treasury Department under APA, to determine whether the agency's decision was supported by a rational basis.)  Any "newly-discovered evidence," Pl. Mem. at 8, could never be litigated within the confines of this case, because by definition, it was not before the agency at the time of its decision.  *Holy Land*

---

[1] Plaintiff outlines three pieces of evidence that it claims to have discovered after its case was dismissed in district court.  Pl. Mem at 4.  The value of this supposed evidence, however, was thoroughly rebutted by the government in response to plaintiff's motion to supplement the record in the Court of Appeals.  The Court of Appeals denied plaintiff's motion.  See Order (April 21, 2003).

*Found. for Relief and Dev. v. Ashcroft*,  219 F. Supp.2d 57, 64 (D.D.C. 2002), *aff'd* 333 F.3d 156, 160 (D.C. Cir. 2003), *cert. denied* 124 S. Ct. 1506 (2004), <u>citing</u> *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court").  Any "new" evidence plaintiff purports to discover, therefore, must be submitted to OFAC pursuant to a request to reconsider the designation.  An agency decision denying reconsideration could then be challenged in court pursuant to the APA; but the claims already decided in this case cannot be "relitigated." Pl. Mem. at 8.

Plaintiff also emphasizes that, in the future, it may wish to challenge OFAC's licensing decisions with respect to attorney fees, and that it wants to preserve that claim within the context of this case.[2]  A licensing decision, however, is a separate agency decision, and can be challenged in a separate suit under the APA.  <u>See</u> *Can v. U.S.*, 14 F.3d 160, 110 (2d Cir. 1994). Similarly, if plaintiff wants to bring a takings claim at some point in the future, Pl. Mem. at 4-5, it can do so (in the Court of Federal Claims) when it believes such a claim has ripened.  These claims cannot be injected in a suit where only one cause of action remains, however, and where plaintiff seeks to end the suit through a dismissal without prejudice.

Finally, defendants would suffer clear prejudice from an ambiguously worded dismissal

---

[2] Plaintiff takes pains to blame OFAC for plaintiff's decision to voluntarily dismiss the case at this juncture.  Plaintiff's counsel undertook representation of HLF with full knowledge that payment of fees from blocked funds was at OFAC's discretion, however, and that licensing decisions would be made on a license by license basis.  It was not reasonable for counsel to expect to be paid from blocked funds in perpetuity, and certainly not after HLF's designation was upheld by the appellate courts.  Counsel has options by which it can continue its representation, moreover, including the establishment of a legal defense fund, Pl. Mem. at Exh. C, or representation *pro bono*.

where the very purpose of the ambiguity is to create uncertainty in the case.[3]  "Public policy requires a finality to litigation . . . ." *Tanner v. U.S.*, 483 U.S. 107, 124 (1987).  Were the Court to enter an order leaving this case open to all claims "whether pled or not," Pl. Mem. at 1, it would signal to plaintiff that nothing was in effect final.  Plaintiff would be free to file motions relitigating claims already dismissed, and to come to district court with "evidence" that should be submitted to OFAC in the first instance.  Moreover, the case before this Court would never actually end, because plaintiff would always be free to refile not only its Fourth Amendment claim, but also any new "unpled" claims for an indefinite time in the future.  After three years of litigation, the defendants are at the very least entitled to know what claims lie against them, and to know that claims dismissed and upheld on appeal are now final.  This is all the more true because, had the parties continued to litigate the remaining portion of plaintiff's Fourth Amendment claim, defendants would have presented to the Court strong arguments (in addition to the merits) that the claim was not redressable in light of the designation being upheld, and that it should be dismissed on the merits, with prejudice.[4]  And a final decision on the Fourth Amendment issue would not leave plaintiff free to add new claims or relitigate old ones.

_____

[3] Plaintiff correctly notes that in determining whether to grant a dismissal without prejudice courts generally consider only the legal prejudice to the defendant.  Pl. Mem. at 6-7. Legal prejudice, however, is only required when the defendant opposes the dismissal without prejudice and urges instead a dismissal on the merits.  Here, defendants have consented to a dismissal without prejudice of the only remaining claim.

[4] Courts have held that, when there is reason to question the Court's subject matter jurisdiction over a claim, "it is inappropriate to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised." *In re Federal Election Campaign Act Litigation*, 474 F. Supp. 1051, 1054 (D.D.C. 1979);  *Taylor v. Commonwealth of Virginia*, 170 F.R.D. 10, 12 (E.D. Va. 1996).

5

## **CONCLUSION**

For the reasons stated above, the Court should dismiss expressly Count Four of the

Amended Complaint, without prejudice.  A proposed order is attached.

Dated:  July 27, 2004           Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

_____
SANDRA M. SCHRAIBMAN (D.C. Bar No. 188599)
ELIZABETH J. SHAPIRO (D.C. Bar No. 418925)
U.S. Department of Justice
20 Massachusetts Ave., N.W., Room 7152
Washington, D.C. 20530
Telephone:  (202) 514-5302
Facsimile:  (202) 616-8470
Counsel for Defendants